UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KINNIE,

    Plaintiff,                                Case No. 15-14024
                                            Honorable Victoria A. Roberts

v.

DENISE E. BROWN and
THOMAS BIRKETT,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT BIRKETT'S
## MOTION FOR SUMMARY JUDGMENT (Doc. 18)

### I.   INTRODUCTION

This is a prisoner civil rights action under 42 U.S.C. § 1983.  David Kinnie ("Kinnie") asserts an Eighth Amendment failure to protect claim against retired Michigan Department of Corrections ("MDOC") Warden Thomas Birkett ("Birkett") and former MDOC Residential Unit Officer Denise Brown ("Brown").  Birkett moves the Court for summary judgment under Federal Rule of Civil Procedure 56(a).  Kinnie filed a motion requesting denial, adjournment and/or a stay of Birkett's motion, or in the alternative, more time to respond.  The Court construes Kinnie's motion as a response.

For the reasons below, the Court **GRANTS** Birkett's motion for summary judgment.

### II.   BACKGROUND

On November 12, 2012, while housed at MDOC's Central Michigan Correctional Facility ("CMCF") in the Handicapped Unit ("H-Unit") for disabled prisoners, Kinnie was assaulted by another prisoner.  There were no cameras, and Kinnie was not able to

identify his assailant.  Kinnie received multiple cuts to his face and neck and was taken by ambulance to the hospital.

On November 10, 2015, Kinnie filed the complaint, alleging Brown and Birkett failed to protect him in violation of the Eighth Amendment.  Kinnie says Brown was in H-Unit at the time of the assault, but she ignored his need for medical assistance and deliberately allowed the assailant to get away.  He also alleges that: (1) Brown was engaged in a contraband-smuggling operation with other correctional officers and prisoners; (2) he told Brown he knew about the operation and wanted a discounted price on tobacco two weeks before being assaulted; and (3) one hour before the assault, he asked Brown if she had thought about their prior discussion.

Kinnie says Birkett should have installed security cameras in H-Unit – like he did in two of the eight units at CMCF – because he knew a pervasive risk of harm existed at CMCF and that there had been other assaults against disabled prisoners in H-Unit.

Birkett filed the underlying motion on April 25, 2016.  He argues he is entitled to summary judgment because: (1) Kinnie failed to exhaust administrative remedies; (2) Kinnie fails to establish an Eighth Amendment claim; (3) he was not personally involved in the events described by Kinnie; and (4) he is entitled to qualified immunity.

## III.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) says a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The burden of proof is on the moving party to show no genuine issue of material fact exists.

2

*Gen. Motors Corp. v. Lanard Toys, Inc.*, 468 F.3d 405, 412 (6th Cir. 2006). The court must evaluate the evidence in the light most favorable to the non-moving party. *Id.*

To create a genuine issue of material fact, the non-moving party must present more than a mere scintilla of evidence supporting his position in order to raise some doubt as to the existence of a fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 252 (1986). The court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty., Tenn.*, 203 F.3d 426, 431 (6th Cir. 2000).

## IV. DISCUSSION

### A. Kinnie's Request to Defer Consideration of Birkett's Motion

Kinnie asks the Court to defer considering Birkett's motion under Fed. R. Civ. P. 56(d) [formerly Rule 56(f)], so that he can conduct discovery. Under Rule 56(d), a party opposing a motion for summary judgment "may, by affidavit, explain why he is unable to present facts essential to justify the party's opposition to the motion." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). The party seeking discovery has the burden "to demonstrate why such discovery is necessary." *Id.* To satisfy this burden, Kinnie "must state with some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment." *Id.* (citation and internal quotation marks omitted). Kinnie fails to do so here.

In his affidavit, Kinnie states that he needs discovery regarding his "injuries[,] … photographs of his injuries, [and] the names & statements of the witnesses to his assault." (Doc. 19, PgID 223). He fails to explain why that discovery would help him oppose summary judgment, and the Court finds that that discovery would not help his

3

opposition to *Birkett's* motion. On the other hand, if Kinnie were opposing Brown's motion for summary judgment, the discovery would be helpful based on his claim that Brown was present during the assault, but deliberately ignored his need for help and allowed the assailant to get away; in that context, witness statements would be relevant to Kinnie's claims. However, witness statements and facts regarding his injuries are not relevant to the issues presented in Birkett's motion.

Because Kinnie fails to show the discovery he seeks would help him oppose Birkett's motion for summary judgment, the Court will not defer deciding the motion.

      **B.**      **Failure to Exhaust Administrative Remedies**

Failure to exhaust administrative remedies is an affirmative defense that Birkett has the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The Prison Litigation Reform Act ("PLRA") states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). MDOC Policy Directive 03.02.130 requires a prisoner to: (1) attempt to reconcile an issue within two days of the incident; (2) file a Step I grievance within five business days; and (3) appeal any denial through Step III of the grievance process. MDOC P.D. 03.02.130, Prisoner/Parolee Grievances.

Birkett argues Kinnie failed to exhaust administrative remedies. He says none of Kinnie's grievances was directed at him. Birkett is wrong.

On February 1, 2013, Kinnie filed a Step I grievance regarding his assault, in which he alleged, "Birkett . . . [(and others)] are guilty of 'Failure to Protect' in direct violation of my 8th & 14th Amendment rights." (Doc. 1, PgID 36).  He continues, "these persons were aware that assaults of disabled prisoners in wheelchairs, on walkers & canes had taken place several times in the past & they failed to install [s]ecurity cameras choosing instead to display a [d]eliberate [i]ndifference to them & [c]allous disregard for prisoner safety & staff illegal activities." (*Id.*).

On March 15, 2013, the MDOC denied his grievance.  Kinnie then filed Step II and III appeals that were denied.  In his Step II appeal, he refers to "the deliberate indifference . . . of the staff listed in the body of the main grievance." (*Id.*, PgID 41).  In his Step III appeal, he states he is appealing for the "[s]ame reasons as listed" in the body of his grievance and Step II appeal. (*Id.*, PgID 39).

Contrary to Birkett's argument, Kinnie filed this grievance against him and appealed it through Step III.  Birkett fails to show that Kinnie did not properly exhaust this grievance.  Thus, his failure to exhaust defense is unavailing.

**C.   Kinnie's Eighth Amendment Failure to Protect Claim**

Under the Eighth Amendment, prison officials "must take reasonable measures to guarantee the safety of … inmates," and they "have a duty ... to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal quotation marks omitted).  However, "not … every injury suffered by one prisoner at the hands of another … translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.

An Eighth Amendment deliberate indifference claim has objective and subjective components. "First, the deprivation alleged must be, objectively, 'sufficiently serious,'" which – for a failure to protect claim – requires an inmate to "show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834 (citations omitted). The subjective component requires showing that the prison official acted with "deliberate indifference" to the risk. *Id.* "Deliberate indifference is a state of mind akin to criminal recklessness: the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hamilton v. Eleby*, 341 Fed. Appx. 168, 171 (6th Cir. 2009) (citations and internal quotation marks omitted).

### 1. Kinnie Alleges an Eighth Amendment Claim

Birkett contends the Court should grant summary judgment because there is "little evidence that Kinnie faced a substantial risk of harm prior to … being attacked" and "there is no evidence that [he] had a state of mind even remotely close to the heightened deliberate indifference standard." (Doc. 18, PgID 150-51).

Under Rule 56, a party asserting that a fact is not genuinely disputed must support his position by citing from the record, including depositions, documents, affidavits, or other materials. Fed. R. Civ. P. 56(c)(1)(A). Despite moving for summary judgment, Birkett points to nothing in the record that substantiates his arguments. Rather, Birkett facially challenges the sufficiency of Kinnie's complaint; his arguments resemble those made in a Rule 12(b)(6) motion to dismiss. Under that standard, the complaint survives.

Kinnie alleges Birkett was aware that "a pervasive risk of harm existed at CMCF" and "there was [sic] a number of assaults in H-[U]nit to Disabled prisoners & the theft of their Personal property." (Doc. 1, PgID 8, 20, 24). These allegations satisfy the objective component of the Eighth Amendment claim. *See Lyons v. Holden-Selby*, 729 F. Supp. 2d 914, 919-20 (E.D. Mich. 2010) ("A plaintiff need not show a 'specific risk' of assault; rather, he may prove an Eighth Amendment violation by means of showing a 'pervasive risk of harm.'") (quoting *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 815 (6th Cir. 1996)). Because Kinnie also alleged that Birkett was aware of the pervasive risk of harm, the subjective component of the claim is satisfied. Thus, the complaint sets forth an arguable claim to relief. Birkett fails to show he is entitled to summary judgment based on the sufficiency of the pleadings.

### 2. Birkett is Entitled to Qualified Immunity

However, the Court agrees with Birkett that he is entitled to qualified immunity because there is "insufficient evidence that his actions violated clearly established law." (Doc. 18, PgID 152).

As a preliminary matter, the fact that discovery may be ongoing is immaterial once qualified immunity is raised. Qualified immunity "shields individuals not just against liability, but against the suit itself." *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012). Immunity questions must be resolved "at the earliest possible stage of litigation." *Pearson v. Callahan,* 555 U.S. 223, 232 (2009). Because qualified immunity is an immunity from suit rather than a mere defense to liability, it "is effectively lost" if the case is allowed to proceed. *Id.* at 231. "[W]hen faced with a motion based on qualified immunity, a district court cannot avoid ruling on the issue." *Leis*, 368 F.3d at 886.

7

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted). Once raised, the burden is on the plaintiff to show an official is not entitled to qualified immunity. *Reilly*, 680 F.3d at 623. Courts may address either prong of this analysis first. *al-Kidd*, 563 U.S. at 735. Here, the Court need only address the second prong.

"A clearly established constitutional violation requires on-point, controlling authority or a 'robust consensus of cases of persuasive authority.'" *Ortega v. U.S. Immigration & Customs Enforcement*, 737 F.3d 435, 439 (6th Cir. 2013) (quoting *al-Kidd*, 563 U.S. at 741-42). If the law at the time of the alleged violation "did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability…." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). The Supreme Court "emphasize[d] that this inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Id.* (citation omitted). "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 198-99 (citation omitted)

Kinnie alleges Birkett violated his Eighth Amendment rights by failing to install security cameras in H-Unit. This deliberate indifference claim is narrowly drawn. Accepting as true Kinnie's allegation that Birkett knew "a pervasive risk of harm existed at CMCF," the dispositive question is whether Birkett's failure to install security cameras

8

in H-Unit violated clearly established law. *See Mullenix v. Luna*, ----- U.S. -----, 136 S. Ct. 305, 308 (2015) ("The dispositive question is 'whether the violative nature of the *particular* conduct is clearly established.'") (quoting *al-Kidd*, 563 U.S. at 742). Kinnie fails to show that the law at the time of his assault "clearly establish[ed] that [Birkett's] conduct would violate the Constitution," and the Court has found no law clearly establishing the violative nature of his particular conduct. *See Brosseau*, 543 U.S. at 198; *Mullenix*, 136 S. Ct. at 308. Stated differently, prisoners do not have a clearly established right to have security cameras installed where a pervasive risk of harm exists. Therefore, Birkett is immune from suit. *al-Kidd*, 563 U.S. at 735.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Birkett's motion for summary judgment and **DISMISSES** him from this suit.

**IT IS ORDERED**.

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: December 8, 2016