UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KINNIE,

    Plaintiff,                                  Case No. 15-14024
                                                Honorable Victoria A. Roberts

v.

DENISE E. BROWN and
THOMAS BIRKETT,

    Defendants.
_____/

**ORDER DENYING WITHOUT PREJUDICE**
**PLAINTIFF'S MOTION TO APPOINT COUNSEL (Doc. 13)**

David Kinnie ("Kinnie") filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging an Eighth Amendment failure to protect claim against two former Michigan Department of Corrections employees. Before the Court is Kinnie's motion to appoint counsel. (Doc. 13).

Kinnie says the Court should appoint him counsel because: (1) he is unable to afford counsel; (2) the case involves complex legal issues; (3) he is not an experienced "jailhouse lawyer"; (4) he suffers from multiple sclerosis, cognitive difficulties, and speech problems; and (5) the case will require extensive discovery.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under § 1915(e)(1) is not a constitutional right in a civil action; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). In making this determination, the Court considers the nature of the case, the party's ability to represent

himself, the complexity of the legal and factual issues, and whether the claims are frivolous or have a small likelihood of success. *Id.* Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

After consideration of the relevant factors, the Court finds that Kinnie does not show exceptional circumstances which merit the appointment of counsel at this juncture. This case is not unusually complex; it involves one Eighth Amendment failure to protect claim. Further, Kinnie's filings – including his complaint and motion to appoint counsel – demonstrate that he understands the nature of his case and that he has adequate access to the court. That he has limited legal experience does not constitute an exceptional circumstance warranting appointment of counsel, nor does the fact that he will have to conduct discovery as a *pro se* prisoner. Those circumstances are true for nearly all prisoners bringing a civil rights suit. Because Kinnie can adequately represent his own interests, appointment of counsel is unnecessary. Should Kinnie survive a dispositive motion by Brown, he may renew his motion for counsel at that time.

Kinnie's motion to appoint counsel [R. 13] is **DENIED WITHOUT PREJUDICE**.

**IT IS ORDERED**.

                                                S/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: December 8, 2016